Smith, C. J.
The action was commenced by Gardner & Huntsman against Higdon and three others, before a justice of the peace. The summons was served upon Higdon alone, the constable making return that the others could not be found. Trial being had, the plaintiffs below appealed the case to the common pleas, and judgment was then rendered for them, and this judgment the plaintiff in error Higdon now seeks to reverse.
*341 The principal errors relied on are, that the court erred in overruling the demurrer to the petition of the plaintiffs, — in sustaining a demurrer to the first defense of the answer of defendant — in directing the jury to find for the plaintiffs, and in refusing to grant a new trial.
The petition alleged that there was due to the plaintiffs from the Cincinnati Telegraphers, a voluntary association formed for the purpose of giving a ball, one hundred dollars on an account for flowers furnished, a copy of which account was attached to the petition ;• that Higdon and the three other persons originally sued, were members of said association at the time, and before the said indedtedness was so incurred by it, and that it was incurred with their knowledge and consent.
Was this petition good as against a general demurrer? One of the members of the court inclines to the opinion that it was not. That it was intended as a petition on the account, in the short form authorized by the statute, and therefore must strictly comply with the requirements of the s'ection, and that as it does not allege that anything is due to the plaintiff from the defendant, on the account, that it is not sufficient. A majority of the court are of the opinion that it is sufficient; that the action is not one against the defendants on the account, but only sets out the indebtedness of the association thereon as a predicate, and the additional facts that the defendant was a member thereof, and that the indebtedness was incurred with his knowledge and consent, which facts thus stated were sufficient to show his liability therefor.
An answer was filed by the defendant containing several defenses. The first was in the nature of a plea in abatement of the action. It alleges substantially, that the voluntary association named in the petition, -was composed of other persons besides himself and those originally sued with him, and that if the defendant had consented to the incurring of said debt by the association (which he denies in another defense), then, that forty-six other persons named by him, the first thirty-two of whom were at that time living and within the jurisdiction of the court, and were so when the action was brought, and within the reach of the process of the justice of the peace before whom the suit was commenced, were equally *342 liable with him therefor — that all of them were members of said association, and with him parties to any contract made with it, and equally with him knew of and consented to the incurring of the indebtedness alleged in the petition.
The demurrer filed to this defense, raised the question, whether a part only of the members of such an association, all of whom stood on the same footing and were equally liable for a debt of the association, could be sued without joining the others. In other words, is the liability of those members who have consented to the incurring of the debt by the association, a joint and several one, or joint only ?
If it is the latter, we think it entirely clear that all who are so liable, must be joined. The rule is express, “ that joint contractors, if living, must all be sued together, or those who are sued may plead in abatement that another, naming him, is a joint contractor, and that he is living; ” or if these facts appear on the petition, by the terms of the statute those sued may demur, on the ground of defect of parties defendant. But if such liability is a several one, the action of the court in sustaining the demurrer was right.
The counsel for the defendants in error insists that even if this liability is joint only, the defense in question was bad, because it did not expressly admit the liability of the defendant, who was sued. It was not necessary that it should do so. Our code allows a defendant to set up as many defenses as he may have, and he was entitled here, to set up in one defense, facts which showed that he was not liable at all to the plaintiffs, and in another, facts which would show that if he is liable, that it is upon a joint contract only, and that his joint contractors, .naming them, have not been sued. Nor was it necessary as claimed, that this defense should have been made before the justice of the peace. The answer was filed in the court of common pleas, on leave of the court, and a demurrer to it could not properly be sustained upon the ground that the defense was first interposed in that court.
Was this liability then on the allegations of the'petition and the first defense, a joint one on the part of the defendant sued, and the persons named in his answer as distinguished from a joint and several liability?
*343 While the case of Dewey v. Gray, 22 Ohio St., 159, holds that the members of an unincorporated religious society (and we suppose the same is true as to other voluntary unincorporated associations), are liable for the debts of such society, if such members^ sanctioned or acquiesced in their creation, it throws no light on the question whether it is a joint liability only. Nor have we been cited^tp or found any decision by our supreme court on that point.
Without going into a lengthy citation, or discussion of the many authorities to which our attention has been called, it ÍS' sufficient to say, that in our judgment the weight of authority is, that while the members of such an association, who authorize or sanction the making of a debt by the association, do not stand in the relation of partners to each other, or to the person holding such a claim, yet that the obligation is in its nature joint, and that it is the duty .of a plaintiff, who seeks to recover such a debt from the members, and not from the association itself, to join in the action those whom he has reason to believe are liable for the debt; and that if those who are sued, by plea or answer, set up facts showing that other members not sued, are so jointly liable with them, that it is a good plea, and if not denied, that it is incumbent upon the plaintiff to take steps to have such other parties joined in the action and brought before the court.
This doctrine, we think, -is clearly held in the following cases: 4 Law Bulletin, 513; 6 Watts & Sergeant, 68; 58 Maine, 538, 59; Am. Decisions, 711, note; 10 Maine, 240.
And since the above was written we have seen the case of Davison Bros. v. Holden, decided in the Supreme Court of Connecticut in April last, and reported in th Central Law Journal of June 17, 1887, No. 24. The court in that case, while holding the individual members to be liable in certain cases for the debts of an unincorporated association, on the point under consideration here say: “ If disregarding the fact and form of association the suit is against all of the individuals, execution will go against the individual property of any. A suit may be instituted against them as individuals, as at common law, if the plaintiff will take the risk of naming all, and of naming them correctly. If he names only a part of those who should *344 be named, a plea in abatement may be interposed, specifying omitted names. If no such plea is interposed, those who are named are properly sued, and must submit to judgment.”
J. M. Stuart, for plaintiff in error.
Herman Muller, for defendants in error.
There are other rulings of the court in the case at bar as to the correctness of which we have grave doubts. Among them is the direction of the court, after the evidence on both sides was heard, that the jury return a verdict for the plaintiff for the amount of his claim. On the evidence brought into the bill, we think the case should have been submitted to the jury on the issues joined — that the evidence of the defendant did not admit everything plaintiffs were bound to prove to entitle them to recover.
But owing to the fact that a part of the evidence offered, (a transcript of another case brought by plaintiffs against the association,) is by mistake not attached to the bill of exceptions, we can not in accordance with the law, consider the question whether the court erred in directing the jury to return this verdict, or in refusing to set it aside and grant a new trial; for we have not before us all the evidence upon which the trial court acted. But for error in sustaining the demurrer to the first defense, the judgment in favor of plaintiffs below is reversed.